UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICKIE RECKER,

Case No. _____

                    Plaintiff,

Hon. _____

vs.

BASF CORPORATION,
a Foreign Profit Corporation,

                    Defendant.

---

| COURTNEY E. MORGAN, JR. (P29137) | MARTIN C. BROOK (P55946) |
|---|---|
| BRIAN T. KECK (P77668) | NAOMI N. OGLESBY (P73900) |
| Morgan & Meyers, PLC | Ogletree, Deakins, Nash, Smoak |
| Attorneys for Plaintiff | & Stewart, PLLC |
| 3200 Greenfield, Suite 260 | Attorneys for Defendant |
| Dearborn, MI 48120 | 34977 Woodward Avenue, Suite 300 |
| (313) 961-0130 | Birmingham, MI 48009 |
| cmorgan@morganmeyers.com | (248) 593-6400 |
| bkeck@morganmeyers.com | martin.brook@ogletree.com |
| | naomi.oglesby@ogletree.com |

---

**NOTICE OF REMOVAL**

Defendant, by its undersigned counsel, gives notice of removal of this case from the Circuit Court for the County of Wayne, State of Michigan, in which it is currently pending, to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  In support, and for the purposes of removal only, Defendant states the following:

1.     On January 10, 2018, Plaintiff commenced an action against Defendant BASF Corporation ("BASF" or "Defendant"), her former employer, in the Circuit Court for the County of Wayne, State of Michigan, captioned *Mickie Recker v. BASF Corporation,* Case No. 18-000352-CD.  Plaintiff alleges one count of disability discrimination, premised upon BASF's alleged failure to accommodate her disability, alleged discrimination based on her perceived disability, and failure to return her to work in violation of Michigan's Persons With Disabilities Civil Rights Act ("PWDCRA"), M.C.L. § 37.1101, *et seq*.  Plaintiff also asserts a second count of discrimination based on her sex (female), and a third count of discrimination based on her age, in violation of Michigan's Elliot-Larson Civil Rights Act, M.C.L. § 37.2202.

2.     The Complaint initiating the lawsuit was served by U.S. Certified Mail upon BASF on January 24, 2018.  A true and accurate copy of the Complaint is attached as **Exhibit A**, as required by 28 U.S.C. § 1446(a).  No other process, pleadings or orders, other than the Complaint attached as Exhibit A, have been served in this action.

3.     This Notice of Removal is filed within 30 days of Defendant's first receipt of the Complaint, and is therefore timely pursuant to 28 U.S.C. § 1446(d).

4.     Defendant is entitled to remove this action to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. §

1332, as complete diversity exists between the parties and Plaintiff asserts claims that, if proven, exceed $75,000, exclusive of interest and costs.

5.     According to the Complaint, Plaintiff is a citizen of the State of Michigan.  Compl. ¶ 1.

6.     Defendant is incorporated in Delaware and has its principal place of business in New Jersey.  Compl. ¶ 2.

7.     Thus, as Plaintiff is a citizen of Michigan and Defendant is a citizen of Delaware and New Jersey, complete diversity exists.

8.     The amount in controversy requirement is also satisfied.  Plaintiff seeks judgment "in any amount in excess of Twenty-Five Thousand ($25,000) Dollars, together with interest, costs and attorney fees." Compl. ¶ 40.

9.     Defendant meets its burden of showing that the amount in controversy is met "if it is shown that the amount in controversy is 'more likely than not' above $75,000." *Hampton v. Safeco Ins. Co. of Am.*, 614 Fed. Appx. 321, 323 (6th Cir. 2015).  It is more likely than not that the amount in controversy here is above $75,000, for the following reasons:

> a.     Plaintiff alleges in her Complaint that, while employed by BASF, she earned approximately $75,000 per year.  Compl. ¶ 9.
>
> b.     Backpay is included in the amount in controversy calculation. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572-73 (6th

3

Cir. 2001).  Plaintiff explicitly specifies in her Complaint that she seeks "economic losses including, but not limited to, wage loss," continuing until judgment is entered in this case. Compl. ¶ 40.  For purposes of calculating the amount in controversy, "the calculation of [plaintiff's] backpay appropriately include[s] accruals through the projected trial date." *Shupe v. Asplundh Tree Expert Co.*, 566 Fed. Appx. 476, 480 (6th Cir. 2014).

c.  According to this Court's 2017 Annual Report, excerpted at **Exhibit B** hereto, the median duration of a civil case filed in this District is 9.3 months.  Based on this statistic, trial in this matter can reasonably be expected to occur in October 2018. The time between October 2016 (when Plaintiff alleges she was terminated from her position with Defendant) and October 2018 is roughly 24 months.  As discussed, Plaintiff contends her annual compensation with Defendant was $75,000.  Twenty-four months compensation is therefore approximately $150,000.  Should Plaintiff prevail in this case, it is more likely than not that her backpay award would be more than $75,000.

d.  Plaintiff alleges in the Complaint that she will seek emotional distress damages in this case.  Compl. ¶ 40.  The Sixth Circuit

has provided guidance on proper estimates for non-economic damages. For example, when evaluating the amount in controversy issue, the Sixth Circuit estimated unspecified non-economic damages such as emotional distress damages to be equal to one year's compensation. *Mitchell v. White Castle Sys. Inc.*, 1996 WL 279863, at *2 (6th Cir. May 24, 1996). Applying the *Mitchell* standard to this case, and based on Plaintiff's admission in her Complaint that she received $75,000 per year while employed at BASF, Plaintiff could potentially recover an additional $75,000.

e. Plaintiff also seeks statutory attorney fees, Compl. ¶ 40, which are included for purposes of calculating the amount in controversy. *See Hampton v. Safeco Ins. Co. of Am.*, 614 Fed. Appx. 321, 323 (6th Cir. 2015) ("In calculating the amount in controversy for diversity jurisdiction, courts can consider . . . statutorily-authorized attorney fees.") An award of attorney fees is authorized under the PWDCRA and the Elliott-Larsen Civil Rights Act. *See* M.C.L. § 37.1606(3) and M.C.L. § 37.2801(3) ("As used in subsection (1), 'damages' means

5

damages for injury or loss caused by each violation of this act, including reasonable attorneys' fees.").

f.  It is more likely than not that attorney fees in a fact-intensive employment dispute such as this one would exceed $25,000. "Employment claims have been found to require substantial effort from counsel." *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014). "100 hours is an appropriate and conservative estimate" of the number of hours an attorney may reasonably spend on an employment matter through trial. *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015). According to the State Bar of Michigan's Economics of Law Practice Survey, attached hereto as **Exhibit C**, the average hourly rate charged by plaintiff employment attorneys in Michigan is $274.[1]

---

[1] Courts rely on Surveys conducted by the State Bar of Michigan as a reference point for calculating attorney fees, including for the purposes of determining whether the amount in controversy requirement is met. *See, e.g.*, *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 702 Fed. Appx. 408, 411 (6th Cir. 2017) ("The Michigan Supreme Court has approved of the use of the Michigan State Bar Economics of Law Practice Surveys (ELS) as a reference point for calculating a customary local fee."); *Mich. Laborers' Health Care Fund v. HER Const., LLC*, No. 12-CV-307, 2013 WL 594483, at *5 (W.D. Mich. Feb. 15, 2013) (considering attorney hourly rates included in the Michigan

Therefore, attorney fees in this case may reasonably be expected to equal at least $27,400 (100 hours multiplied by $274 per hour).

10.     Based on the foregoing, the amount in controversy can reasonably be expected to exceed $250,000 in this litigation.

11.     Nothing in this Notice of Removal should be construed as an admission or acknowledgement of liability, a waiver of any defenses, or that Plaintiff is entitled to any damages.

12.     In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of waiver of service of the Complaint upon Defendant.

13.     Concurrent with the filing of this Notice of Removal, written notice of the filing of the Notice of Removal is being sent to counsel for Plaintiff, as required by 28 U.S.C. §1446(d). **Exhibit D**.

14.     A true and accurate copy of this Notice of Removal is also being filed with the Clerk of Court for the Wayne County Circuit Court, State of Michigan, as required by 28 U.S.C. § 1446(d).

---

State Bar Economics of Law Practice Surveys); *Dusseau Farms, LLC v. Wilbur-Ellis Co.*, No. 12-12581, 2012 WL 13013441, at *1 (E.D. Mich. Sept. 18, 2012) (relying on a State Bar of Michigan Report to support the conclusion that attorney fees to be incurred by the plaintiff during the litigation more likely than not for purposes of determine whether amount in controversy is met).

Wherefore, Defendant respectfully requests that the action pending against it

in the Wayne County Circuit Court, State of Michigan, be removed to this Court.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC

s/ Naomi N. Oglesby
MARTIN C. BROOK (P55946)
NAOMI N. OGLESBY (P73900)
Attorneys for Defendant
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
(248) 593-6400
martin.brook@ogletree.com
Dated: February 6, 2018        naomi.oglesby@ogletree.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.  I further certify that I will serve a copy of such filing via first class mail on the following:

Courtney E. Morgan, Jr., Esq.
Brian T. Keck, Esq.
Morgan & Meyers, PLC
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI 48120

s/ Naomi N. Oglesby
NAOMI N. OGLESBY (P73900)
Ogletree, Deakins, Nash, Smoak
  & Stewart, PLLC
Attorneys for Defendant
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
(248) 593-6400

32850520.1

9