# EXHIBIT A

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO 18-000352-CD Hon. John A. Murphy |
|---|---|---|

2 Woodward Ave., Detroit MI 48226                                            Court Telephone No. 313-224-0142

| Plaintiff<br><br>Recker, Mickie | v | Defendant<br><br>BASF Corporation |
|---|---|---|
| **Plaintiff's Attorney**<br><br>Brian Thomas Keck 77668<br>3200 Greenfield Rd Ste 260<br>Dearborn, MI 48120-1800 | | **Defendant's Attorney** |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1.  You are being sued.
2.  **YOU HAVE 21 DAYS** after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3.  If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>1/10/2018 | This summons expires<br>4/11/2018 | Court clerk<br>File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains        ☐ is no longer pending.     The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☑ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains        ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) Wayne County Brownstown Twp., MI | Defendant(s) residence (include city, township, or village) Wayne County, MI |
|---|---|
| Place where action arose or business conducted City of Wyandotte, Wayne County, MI | |

1/10/18
Date

Signature of attorney/plaintiff



If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C) (2)(a),(b), MCR 3.206(A)

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | PROOF OF SERVICE | CASE NO 18-000352-CD |
|---|---|---|

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge and belief

| Service fee $ | Miles traveled $ | Mileage fee $ | Total fee $ | Signature |
|---|---|---|---|---|

Name (type or print)

Title

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____  Signature: _____
Date                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____

Signature

. JP

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MICKIE RECKER,

   *Plaintiff,*

vs.

BASF CORPORATION,
a Foreign Profit Corporation,

   *Defendant.*

           /

Courtney E. Morgan, Jr. (P29137)
Brian T. Keck (P77668)
MORGAN & MEYERS, PLC.
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI 48120
(313) 961-0130/(313) 961-8178
cmorgan@morganmeyers.com
bkeck@morganmeyers.com

           /

Hon._____

Case No. 18-_____-CD

· 18-000352-CD
**FILED IN MY OFFICE
WAYNE COUNTY CLERK
1/10/2018 9:44:13 AM
CATHY M. GARRETT**

There is no other pending civil action arising out of
the transaction or occurrence alleged in the complaint.

## COMPLAINT AND DEMAND FOR A JURY TRIAL

NOW COMES Plaintiff MICKIE RECKER by and through her attorneys, MORGAN &

MEYERS, PLC, and states as her cause of action against the above-captioned Defendant the

following:

### PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff Mickie Recker is a resident of the Charter Township of Brownstown,

County of Wayne, State of Michigan.

2.  Defendant BASF Corporation is a Foreign Profit Corporation with a principal place

-1-

of business in Florham Park, New Jersey, doing business in Wayne County, Michigan.

3.     The acts and occurrences which form the basis of this complaint occurred in whole or in part within the City of Wyandotte, County of Wayne, State of Michigan.

4.     The amount in controversy is in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, exclusive of costs, interest and attorney fees.

## FACTUAL ALLEGATIONS

### *Mrs. Recker's Professional Background*

5.     Mrs. Recker earned an Associate's Degree of Commerce in Office Systems at Henry Ford Community College in 1984.

6.     Prior to commencing employment with Defendant, Mrs. Recker worked as a secretary at Kelly Services, a Junior Executive Secretary at Procter & Gamble, and Office Clerk and Secretary at Informatics General Corporation, a word processing secretary at Albert Kahn Associates, and an assistant manager at Executive Group Offices.

7.     Mrs. Recker commenced employment with Defendant BASF Corporation on March 31, 1988.

8.     Throughout the course of her employment with Defendant, Mrs. Recker received positive employment reviews and was a productive member of Defendant's staff.

9.     In or around 2007 or 2008, Mrs. Recker worked alongside a Steven Deters who was earning approximately $100,000.00/year while she was earning approximately $75,000.00/year.

10.     Mr. Deters was thereafter promoted in or around 2008 or 2009 and became Mrs. Recker's direct superior.

11.     On June 15, 2015, Mrs. Recker developed a rash, which she later learned was due to an allergic reaction Cymbalta.

12. On June 23, 2015, Mrs. Recker was granted short-term disability leave as a result of the reaction to Cymbalta.

13. Due to her allergic reaction, Mrs. Recker stopped using Cymbalta.

14. As a consequence of stopping her use of Cymbalta, Mrs. Recker suffered a psychological episode related to drug withdrawal for which she was admitted to Beaumont Oakwood Southshore on August 7, 2015.

15. Defendant BASF was continually informed of Mrs. Recker's medical status.

16. Thereafter, on August 18, 2015, Mrs. Recker was admitted to Stonecrest Center for inpatient mental health treatment of depression and anxiety.

17. On August 22, 2015, Mrs. Recker was discharged from Stonecrest Center, as she no longer displayed symptoms of depression or anxiety.

18. On September 9, 2015, Mrs. Recker's short-term disability was extended to October 31, 2015.

19. On October 30, 2015, Mrs. Recker was treated by Dr. Karla Viera, M.D., who noted that Mrs. Recker could return to work November 2, 2015.

20. On November 3, 2015, Thomas Johnson, LMSW, concurred with Dr. Viera's report.

21. Upon knowledge and belief, on December 4, 2015, Dr. Viera reaffirmed that Mrs. Recker's could return to work on a full-time basis on December 7, 2015.

22. Dr. Viera further noted that the Mrs. Recker could safely perform her job duties.

23. As part of her transition back to work, Defendant required Mrs. Recker's psychological condition to be evaluated by Defendant's independent medical examiner, Dr. Saul Forman, M.D.

-3-

24. Dr. Forman noted:

- "Based on my evaluation I consider her to continue to be disabled from executive work. She may be able to return to work at a less stressful job at this time."

25. In December 2015, spoke with Defendant's Leave Team member Audrine Pickett ("Pickett") about her return to work at BASF.

26. In December 2015, Pickett told Mrs. Recker, "Now that we are older we can't do as much as we used to."

27. Pickett also told Mrs. Recker that she did not need to contact Defendant about her return-to-work status, but that Defendant would contact Mrs. Recker regarding returning from leave.

28. On January 4, 2016, Pickett sent an e-mail to Dr. Julia Klees indicating that "Return to work part time to a non-executive job is recommended. Sent email to HR asking if they have such a job awaiting their response[.]"

29. On April 20, 2016, Mrs. Recker was evaluated by Dr. Edward Czamecki, Ph.D. for her Social Security Disability claim.

30. Dr. Czamecki concluded that he gave no weight to Dr. Forman's December 21, 2015 opinion and that Dr. Forman's opinions were inconsistent with his evaluation.

31. In May 2016, Plaintiff contacted the Leave Team to determine the status of her transition back to work.

32. By this time, Mrs. Recker's treating physicians had authored multiple documents indicating that there was no reason for Mrs. Recker to still be off of work.

33. In July 2016, Mrs. Recker contacted the Leave Team again and was told that the Leave Team did not receive paperwork from Mrs. Recker's physician and that Mrs. Recker would

-4-

need to undergo another independent medical examination.

34. On August 19, 2016, Mrs. Recker underwent another independent medical examination.

35. On September 7, 2016, Mrs. Recker was informed that there was no job available for her to return and that since she was no longer disabled, her disability benefits would be terminated.

36. On October 31, 2016, Mrs. Recker was formally terminated from her position.

## COUNT I: VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT, M.C.L. 37.1101, et seq

Plaintiff hereby restates, realleges, and incorporates by reference each and every paragraph set forth above, as though fully set forth herein and further state the following:

37. At all times pertinent to this Complaint, Mrs. Recker was "disabled" within the meaning of the Persons with Disabilities Civil Rights Act, M.C.L. 37.1101, *et seq.*

38. Mrs. Recker's disability was unrelated to her ability to perform the duties of a particular job as of November 2, 2015.

39. Mrs. Recker was discriminated against in one, or more, of the ways set forth in the Persons With Disabilities Civil Rights Act when Defendant:

    a. Failed to provide reasonable accommodations for Mrs. Recker's disability in violation of M.C.L. 37.1102(2), particularly refusing Mrs. Recker the reasonable accommodation of allowing her to work four-hour days for two weeks upon return to work in order to transition into her full-time role in November of 2015;

    b. Perceived to be disabled by Defendant; and,

-5-

      c.      Failure to allow Mrs. Recker to return to a full-time role in December of 2015.

40.     As a direct and proximate result of Defendant's conduct, Mrs. Recker sustained the following damages:

      a.      Pain, suffering, and emotional distress; past, present and future;

      b.      Humiliation, mortification, fright, and embarrassment; past, present and future;

      c.      Emotional and mental suffering; past, present and future;

      d.      Loss of enjoyment of life; past, present and future;

      e.      Economic losses including, but not limited to, wage loss;

      f.      Attorney fees and legal costs;

      g.      Any and all other injuries and damages found to be appropriate by the trier

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment against the Defendant in any amount in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, together with interest, costs and attorney fees, to which Plaintiff is deemed to be entitled.

## COUNT II: VIOLATION OF THE ELLIOT-LARSEN CIVIL RIGHTS ACT, MCL 37.2202 (SEX DISCRIMINATION)

Plaintiff hereby restates, realleges, and incorporates by reference each and every paragraph set forth above, as though fully set forth herein and further state the following:

41.     Under the common law and statutes of Michigan, specifically MCL 37.2202, Mrs. Recker had the right to work in her position and receive salaries, salary increases, fringe benefits and promotions without discrimination because of her sex.

42.     Defendant breached its duties to Mrs. Recker by:

-6-

a. Maintaining a policy of paying female employees less than male employees;

b. Denying Mrs. Recker equal treatment with male employees as to salary;

c. Refusing Mrs. Recker a promotion.

43. As a direct and proximate result of Defendant's conduct, Mrs. Recker sustained the following damages:

a. Pain, suffering, and emotional distress; past, present and future;

b. Humiliation, mortification, fright, and embarrassment; past, present and future;

c. Emotional and mental suffering; past, present and future;

d. Loss of enjoyment of life; past, present and future;

e. Economic losses including, but not limited to, wage loss;

f. Attorney fees and legal costs;

g. Any and all other injuries and damages found to be appropriate by the trier of fact.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment against the Defendant in any amount in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, together with interest, costs and attorney fees, to which Plaintiff is deemed to be entitled.

### COUNT III: VIOLATION OF THE ELLIOT-LARSEN CIVIL RIGHTS ACT, MCL § 37.2202 (AGE DISCRIMINATION)

Plaintiff hereby restates, realleges, and incorporates by reference each and every paragraph set forth above, as though fully set forth herein and further state the following:

44.     Defendant owed a duty to Mrs. Recker to refrain from discriminating against her because of age with respect to employment, compensation, or a term or privilege of employment pursuant to the Elliott Larson Civil Rights Act, MCL § 37.2202.

45.     Defendant's discharge of Mrs. Recker was due to her age and was, therefore, a wrongful, discriminatory act as set forth in MCL § 37.2202, as evidenced by:

     a.     Comments made by Pickett including, but not limited to, "Now that we are older we can't do as much as we used to."

46.     As a direct and proximate result of Defendant's conduct, Mrs. Recker sustained the following damages:

     a.     Pain, suffering, and emotional distress; past, present and future;

     b.     Humiliation, mortification, fright, and embarrassment; past, present and future;

     c.     Emotional and mental suffering; past, present and future;

     d.     Loss of enjoyment of life; past, present and future;

     e.     Economic losses including, but not limited to, wage loss;

     f.     Attorney fees and legal costs;

     g.     Any and all other injuries and damages found to be appropriate by the trier of fact.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment against the Defendant in any amount in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, together with interest, costs and attorney fees, to which Plaintiff is deemed to be entitled.

-8-

Respectfully submitted,

BY:

Courtney E. Morgan, Jr. (P29137)
Brian T. Keck (P77668)
MORGAN & MEYERS, PLC
Attorneys for Plaintiffs
3200 Greenfield, Suite 260
Dearborn, MI 48120
(313) 961-0130/(313) 961-8178

DATED:  January 10, 2018

-9-

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MICKIE RECKER,

      *Plaintiff,*

      vs.

BASF CORPORATION,
a Foreign Profit Corporation,

      *Defendant.*

_____/

Hon._____

Case No. 18-_____-CD

Courtney E. Morgan, Jr. (P29137)
Brian T. Keck (P77668)
MORGAN & MEYERS, PLC.
Attorneys for Plaintiff
3200 Greenfield, Suite 260
Dearborn, MI 48120
(313) 961-0130/(313) 961-8178
cmorgan@morganmeyers.com
bkeck@morganmeyers.com

_____/

## DEMAND FOR A JURY TRIAL

NOW COMES Plaintiff MICKIE RECKER, by and through her attorneys MORGAN &

MEYERS, PLC, and make a demand for a jury trial in the above-captioned cause of action.

                Respectfully submitted,

BY: _____
          Courtney E. Morgan, Jr. (P29137)
          Brian T. Keck (P77668)
          MORGAN & MEYERS, PLC
          Attorneys for Plaintiff
          3200 Greenfield, Suite 260
          Dearborn, MI 48120
          (313) 961-0130/(313) 961-8178

DATED: January 10, 2018

-1-